IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLTON W. THOMPSON, #98029879     *
       Plaintiff
                                             *
    v.                                                CIVIL ACTION NO. JFM-06-679
                                                  *
DAVID SKARWICKI, et al.,
       Defendants.                         *
                                               ******

## MEMORANDUM

The court is in receipt of plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 seeking compensatory damages and declaratory relief. Paper No. 1. Plaintiff states that on April 25, 1990, he was assaulted by defendants, police officers who were conducting a search of an apartment in which plaintiff was a visitor. Plaintiff has filed a motion for leave to proceed in forma pauperis (Paper No. 2) which shall be granted. Upon review of the complaint, however, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff's claim is barred by the applicable statute of limitations. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Burnett v. Grattan*, 468 U.S. 42, 45 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101.

Although the state statute of limitations applies, the time of accrual of the action is a federal

question. *See Cox v. Stanton*, 529 F.2d at 50. The running of the statute of limitations begins when plaintiff knows or has reason to know of his injury. *Id.* Here, plaintiff knew or should have known of the alleged constitutional violations on April 25, 1990, when he was allegedly assaulted and seized by defendants.

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under F.R.Civ.P. 12(b)(6).

A separate Order follows.

/s/
J. Frederick Motz
United States District Judge

2